**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JERRY CHAMPION                                                                                                    PLAINTIFF
ADC #91354

V.                                         NO: 5:13CV00242 KGB/PSH

WILLIAM WARREN *et al*                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jerry Champion filed a *pro se* complaint on August 1, 2013, alleging he was denied adequate medical care for his shoulder condition. On February 19, 2016, defendant William Warren, M.D., filed a motion for summary judgment, a brief in support, and a statement of facts (Doc. Nos. 145-147). Champion filed a response on March 23, 2016 (Doc. No. 153). Champion filed a motion for summary judgment and a statement of facts on February 26, 2016 (Doc. No. 148). Warren filed a response and brief in support on March 11, 2016 (Doc. Nos. 150 & 151).

### I. Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

1

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**II.  Analysis**

According to Champion's complaint, Warren denied him adequate medical care for his shoulder pain. Specifically, Champion complains that when he saw Warren on April 30, 2013, Warren refused to renew his prescription for Tramadol, an opioid pain reliever, and did not order any pain medication, despite the fact Champion had shoulder surgery about a month earlier.

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and

prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1134, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'[g]rossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

The facts are not in dispute. Warren asserts he is entitled to summary judgment because his treatment was appropriate, and Champion simply disagrees with the treatment provided. Champion asserts in his motion that the facts demonstrate deliberate indifference.[1]

Medical records indicate Dr. Bernard Crowell, an orthopedic surgeon, performed surgery on Champion's right shoulder on March 11, 2013, to repair a rotator cuff tear (Doc. No. 148, pages 14-16). Thereafter, Warren first saw Champion on March 15, 2013, and noted Champion's "uncomplicated resolution from surgery at this time." Warren prescribed daily dressing changes and range of motion exercises (Doc. No. 145, exhibit 2). Warren evaluated Champion again on March 20, 2013, for a follow-up and suture removal. *Id*. At that time, Warren noted well-healed incisions, and satisfactory post-operative recovery. Warren prescribed continued range of motion exercises, and a follow-up appointment with Crowell. Crowell evaluated Champion on March 27, 2013, and

---

[1]Champion asserts in his motion that he saw Warren only on April 30, 2013, but medical records indicate he saw Warren on three occasions.

recommended he wear a shoulder immobilizer, and remove it only for exercises (Doc. No. 148, page 7). Medical notes from the Cummins Unit indicate Champion used the brace.

Champion requested a refill of Tramadol in an encounter with Estella Bland, APN, on April 8, 2013.[2] Champion told Bland he needed the Tramadol for a preexisting back injury as well as for his shoulder (Doc. No. 145, exhibit 2). Bland referred Champion to Warren, who evaluated Champion on April 30, 2013. After an examination and review of Champion's medical history, Warren determined there was no indication for continued use of Tramadol, and he noted Champion had used it for years at another unit without medical justification. Warren noted Champion became angry when he was told he would need to reduce his weight before Tramadol would be considered. Warren did not see Champion after April 30, 2013.

In support of his motion for summary judgment, Warren provided an affidavit from Michael C. Fischer, M.D. (Doc. No. 145, Exhibit A). Fischer is board certified in internal medicine, and is a hospitalist at Saline Memorial Hospital in Benton, Arkansas. He has maintained an active medical practice for 20 years, and has seen and treated back and shoulder pain on numerous occasions. According to Fischer, Warren appropriately and adequately assessed and addressed Champion's complaints based on his ongoing assessment of Champion's condition, including the prescription of appropriate exercises for a patient recovering from rotator cuff surgery (Doc. 145, exhibit A). Specifically, Fischer states that Warren appropriately addressed Champion's complaints of back and shoulder pain, concluding "[w]hether to prescribe Tramadol to Mr. Champion was a matter committed to the professional judgment of Dr. Warren, and in light of Dr. Warren's appropriate examination of Mr. Champion, review of Mr. Champion's medical history, prescription of exercises

---

[2]Champion had previously received a prescription for Tramadol when he was housed in a different ADC facility.

for Mr. Champion's shoulder, and recommendation that Mr. Champion lose weight to reduce his complaints of back pain, Dr. Warren did not violate the standard of care and was not deliberately indifferent in refusing to prescribe Tramadol to Mr. Champion on April 30, 2013." (Doc. No. 145, Exhibit A, at 5).

Champion has provided no medical evidence, either in his response to Warren's motion or in his own motion, to suggest Warren's treatment was deficient in any way. In his complaint, Champion does make reference to two prescriptions that Crowell recommended (Doc. No. 2, page 5). Champion is apparently referring to Crowell's May 8, 2013, recommendation that he be prescribed Tramadol and Naproxen, a non-steriodal anti-inflammatory drug (Doc. No. 148, page 13). That recommendation was made after Champion last saw Warren, and there is no indication Warren was aware of Crowell's recommendation. Even if Warren was aware of the recommendation, Champion could at most establish a disagreement between medical providers, and Warren's decision to exercise his own judgment would not be a constitutional violation. *See Long v. Nix*, 86 F.3d 761, 765 (8th Cir.1996) (if medical experts disagree over appropriate course of treatment, prison officials do not violate Eighth Amendment when they refuse to implement inmate's requested treatment). Additionally, Fischer specifically considered Crowell's later recommendation, and concluded it did not alter his opinion of the care Warren provided.

In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment. *Dulany v. Carnahan*, 132 F.3d at 1240. No material facts are in dispute, and Warren is entitled to summary judgment.[3]

---

[3]Champion's claims against former defendant Estella Bland were dismissed with prejudice on March 30, 2015 (Doc. No. 99).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant William Warren's motion for summary judgment (Doc. No. 145) be GRANTED, and plaintiff Jerry Champion's complaint be DISMISSED WITH PREJUDICE.

2. Champion's motion for summary judgment (Doc. No. 148) be DENIED.

3. The Court certify that an *in forma pauperis* appeal is considered frivolous and not in good faith.

DATED this 18th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE